U S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 1 8 2001

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

L-O

CV01 - 0936

| | | |
|---|---|---|
| HEAD SPORT AG | ) | CASE NO. |
| | ) | |
| | ) | JUDGE **JUDGE HAIK** |
| -and- | ) | |
| | ) | MAGISTRATE JUDGE METHVIN |
| HEAD USA, INC. | ) | COMPLAINT FOR: |
| , | ) | (1) FEDERAL TRADEMARK INFRINGEMENT; |
| | ) | (2) FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND FALSE REPRESENTATION; |
| Plaintiffs, | ) | |
| | ) | (3) STATUTORY UNFAIR COMPETITON; |
| v. | ) | |
| | ) | (4) GENERAL LAW UNFAIR COMPETITION; |
| DUKES OF TENNIS | ) | |
| , | ) | (5) IMPOSITION OF A CONSTRUCTIVE TRUST; and |
| -and- | ) | (6) AN ACCOUNTING |
| | ) | |
| BARNETT EARLES | ) | |
| , | ) | |
| Defendants. | | |

Plaintiffs HEAD SPORT AG, an Austrian Corporation ("HEAD SPORT") and HEAD

USA, INC., a Delaware corporation ("HEAD USA") (HEAD SPORT and HEAD USA are

CLE 662552.2

hereinafter together referred to as "HEAD"), bring this action against DUKES OF TENNIS, INC., a Louisiana corporation; and BARNETT EARLES, an individual (collectively "Defendants"), for injunctive relief and damages under the laws of the United States and the State of Louisiana, as follows:

### Subject Matter Jurisdiction And Venue

### Jurisdiction

1.      This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement pursuant to the provisions of 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under the statutory and general law of the State of Louisiana pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

### Venue

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).  The counterfeit and/or infringing tennis racquets and/or tennis accessories that are the subject of this litigation were distributed and offered for distribution in the Western District of Louisiana; the claims alleged in this action arose in the Western District of Louisiana; and the Defendants may be found in the Western District of Louisiana.

### Parties And Personal Jurisdiction

4.      HEAD USA, a Delaware Corporation with its principal place of business in Phoenix, Arizona, is a promoter, advertiser, marketer, distributor, and licensee of sporting goods and related accessories manufactured by HEAD SPORT and does business in this district.

5.      HEAD is informed and believes, and on that basis alleges, that Defendant Dukes of Tennis is a Louisiana corporation or a sole proprietorship of Defendant Barnett Earles, currently doing business in Lafayette, Louisiana.

6.      HEAD is informed and believes, and on that basis alleges, that Defendant Barnett Earles, an individual, is and at all relevant times was a principal shareholder and/or officer and/or owner of Defendant Dukes of Tennis and resides and/or transacts substantial business in the Western District of Louisiana.

7.      The acts of infringement and other wrongful acts alleged in this Complaint arose in the Western District of Louisiana.

### Barnett Earles' Personal Liability

8.      Defendant Barnett Earles, as the principal shareholder and/or officer and/or sole proprietor of Defendant Dukes of Tennis, is individually liable for the infringing activities described herein.

9.      HEAD is informed and believes, and on that basis alleges, that at all relevant times Defendant Barnett Earles personally participated in and/or had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint.

10.     HEAD is informed and believes, and on that basis alleges that Defendant Barnett Earles derived direct financial benefit from the infringing activities.

## Facts Common To All Claims For Relief

11.    HEAD is in the business of manufacturing, promoting, advertising, marketing, distributing, and licensing sporting goods and related accessories for consumer use including the Ti.Radical, as herein defined (collectively, the "HEAD Products").

12.    HEAD has designed, manufactured, promoted, advertised, marketed, distributed, and licensed a tennis racquet known as HEAD Ti.Radical (the "Ti.Radical"). The Ti.Radical is known for its lightweight construction, maneuverability, and use by touring professional, Andre Agassi.

13.    HEAD has caused certain trademarks to be registered in the United States Patent and Trademark Office on the Principal Register for use in connection with HEAD Products including, but not limited to, the Ti.Radical. These trademark registrations are valid and subsisting and include:

(a)    Trademark Registration No. 871,815 issued June 24, 1969 ("HEAD" + design) for sporting goods and related accessories;

(b)    Trademark Registration No. 1,020,388 issued September 16, 1975 ("HEAD") for sporting goods and related accessories;

(c)    Trademark Registration No. 1,682,112 issued April 7, 1992 ("Radical") for tennis racquets;

(c)    Trademark Registration No. 2,203,869 issued November 17, 1998 ("Titanium Tennis") for tennis racquets; and

(d)    Trademark Registration No. 2,236,577 issued April 6, 1999 ("The Power of Light") for tennis racquets.

True and correct copies of these trademark registrations (collectively, the "HEAD Marks") are attached to this Complaint as Exhibit "A" respectively, and are incorporated by this reference.

## Defendants' Unlawful Conduct

14.    HEAD is informed and believes, and on that basis alleges, that Defendants are involved in the marketing, distribution, advertising, and/or offering for sale and selling of counterfeit and/or infringing copies of HEAD Products including, but not limited to, Ti.Radicals, and/or accessories (collectively, the "Counterfeit Products") to unidentified persons or entities.

15.    In March 2001, HEAD obtained information indicating that Defendants were selling counterfeit Head Products.

16.    On or about April 10, 2001, Defendants sold to an investigator a tennis racquet that Defendants purported to be a genuine Ti.Radical.   The purported Ti.Radical has been analyzed by HEAD and determined to be counterfeit, infringing and an unauthorized copy of a HEAD tennis racquet.

17.    As a result of these activities, HEAD has obtained proof that Defendants have committed and are committing acts of trademark infringement and that these acts of infringement are willful, deliberate and committed with prior notice and knowledge of the HEAD Marks. HEAD is informed and believes, and on that basis alleges, that Defendants have engaged in other similar activities that constitute further deliberate and willful trademark infringement and other violations of HEAD's rights.

## First Claim

### [Federal Trademark Infringement -- 15 U.S.C. § 1114 et seq.]

### Against All Defendants

18.     HEAD realleges and incorporates by this reference each and every allegation set

forth in paragraphs 1 through 17 inclusive.

19.     HEAD has marketed, advertised, and promoted HEAD tennis racquets under its

trademarks and logos, and as a result of this marketing, advertising, and promotion, HEAD

tennis racquets and the HEAD Marks have come to mean and are understood to signify the tennis

racquets and marks of HEAD, and are the means by which these tennis racquets and marks are

distinguished from those of others in the same and in related fields.

20.     Because of the long, continuous, and exclusive use of the HEAD Marks, such

marks have acquired a secondary meaning associated by customers, end users and the public with

HEAD.

21.     Defendants' activities constitute use in Louisiana and in interstate commerce of

reproductions, counterfeits, copies, and/or colorable imitations of the HEAD Marks.   Such

activities are likely to cause confusion, mistake, or deception as to the source, origin, or approval

of the Counterfeit Products which are or have been advertised, offered, sold and/or distributed by

Defendants.

22.     Further, the activities of Defendants are intended to, and are likely to, lead the

public to conclude, incorrectly, that the Counterfeit Products, which are or have been advertised,

offered, sold and/or distributed by Defendants originate with, are sponsored by, or are authorized

by HEAD, to the damage and harm of HEAD SPORT, its licensee HEAD USA, and the public.

CLE 662552.2

Defendants' activities constitute willful and deliberate infringement of the HEAD Marks in violation of the Lanham Trademark Act including, but not limited to, 15 U.S.C. § 1114(1).

23.    As a result of the foregoing, HEAD has been damaged in an amount that will be ascertained according to proof.  In addition to HEAD's actual damages, HEAD is entitled to receive Defendants' profits pursuant to 15 U.S.C. § 1117(a).  These actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b) because Defendants' violation of HEAD's trademarks was willful.  In the alternative, HEAD is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c), and these statutory damages should be enhanced in accordance with 15 U.S.C. § 1117(c)(2) because Defendants' violation of HEAD's trademarks was willful.

24.    The activities of Defendants have caused and will cause irreparable harm to HEAD for which HEAD has no adequate remedy at law in that (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused as to the source of the Counterfeit Products being advertised, offered, sold or distributed by Defendants; ; (ii) the HEAD Marks are unique and valuable property which have no readily determinable market value; (iii) the infringement by Defendants constitutes an interference with HEAD's goodwill and customer relationships; and (iv) Defendants' wrongful conduct, and the damages resulting to HEAD, is continuing.  Accordingly, HEAD is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), and to an order under 15 U.S.C. § 1116 subsections (a) and (d)(l)(A) and 28 U.S.C. § 1651 impounding all copies of Counterfeit Products being offered or distributed by Defendants.

25.    HEAD is informed and believes, and on that basis alleges, that Defendants have committed the acts alleged above with previous knowledge of HEAD's prior use and superior rights to the HEAD Marks, and with previous knowledge of the reputation of the HEAD Marks

in interstate commerce. Further, HEAD is informed and believes that Defendants' actions were undertaken for the willful and calculated purpose of trading upon HEAD's goodwill and for the willful and calculated purpose of distributing infringing HEAD Tennis Racquets and/or accessories based upon the goodwill of the HEAD Marks, and business reputation, so as to mislead and deceive customers and the public. Defendants' actions are likely to cause confusion and mistake among customers and the public as to the origin or association of the Counterfeit Products, all to Defendants' gain and HEAD's damage.

26.    HEAD is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

### Second Claim

### [False Designation Of Origin, False Description And

### Representation Of HEAD Packaging -- 15 U.S.C. § 1125 et seq.]

### Against All Defendants

27.    HEAD realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 26, inclusive.

28.    HEAD has created distinctive and aesthetically pleasing designs, logos and icons (graphic images) for the HEAD Products.   These designs, logos and icons are easily recognized by the public and are understood to mean that the items connected with them originate with HEAD and constitute genuine HEAD Products.

29.    Defendants' activities of marketing, advertising, distributing, and/or offering for distribution of Counterfeit Products with designs, logos and icons, that are virtually indistinguishable from the HEAD Products designs, logos and icons constitute false designation of origin, false description, and false representation that the items being offered or distributed by

CLE 662552 2

8

Defendants originate from or are sponsored, approved, or authorized by HEAD. Thus, Defendants' activities constitute violations of § 43(a) of the Lanham Trademark Act, which is set forth at 15 U.S.C. § 1125(a).

30.     As a result of Defendants' activities of marketing, advertising, distributing, and/or offering for distribution Counterfeit Products bearing HEAD's designs, logos and icons, HEAD has suffered and will continue to suffer losses and irreparable injury to its business reputation and goodwill. Defendants threaten to continue to commit their acts of false designation, description, and representation, and unless restrained and enjoined, will continue to do so, all to HEAD's irreparable injury. HEAD's remedy at law is not by itself adequate to compensate it for the injuries inflicted and threatened by Defendants.

### Third Claim

### [Unfair Competition -- Louisiana Rev. Stat. Chapter 51:1401 et seq.]

### Against All Defendants

31.     HEAD realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 30, inclusive.

32.     Defendants' actions constitute unfair, unconscionable or deceptive trade practices in the course of their business and in the conduct of trade or commerce, in violation of the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), La. Rev. Stat. Chapter 51:1401 et seq. In that regard, Defendants' actions have caused and will continue to cause a likelihood or probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of tennis racquets and/or accessories marketed, manufactured, distributed, advertised and/or duplicated by Defendants.

33.    Defendants' conduct as alleged above has damaged and will continue to damage HEAD's goodwill and reputation and has resulted in losses to HEAD and an illicit gain of profit to Defendants in an amount that is unknown at the present time.

34.    HEAD is also entitled to recover its attorneys' fees pursuant to La. Rev. Stat. § 51:1409(A).

## Fourth Claim

### [Louisiana General Law on Unfair Competition]

### Against All Defendants

35.    HEAD realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34, inclusive.

36.    The acts and conduct of Defendants as alleged above in this complaint constitute unfair competition pursuant to the general law of the State of Louisiana on tort, quasi-contract and equity.

37.    Defendants' conduct as alleged above has damaged and will continue to damage HEAD's goodwill and reputation and has resulted in losses to HEAD and an illicit gain of profit to Defendants in an amount which is unknown at the present time.

## Fifth Claim

### [For Imposition Of A Constructive Trust Upon The

### Illegal Profits Of All Defendants]

### Against All Defendants

38.    HEAD realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37, inclusive.

CLE 662552.2

39.     By reason of the acts and conduct set forth herein, Defendants have engaged and are engaged in deceptive, fraudulent and wrongful conduct in the nature of passing off their products as genuine HEAD Products.  HEAD believes that Defendants maintain the illegal profits from their actions, all of which belong to HEAD.

40.     By virtue of their wrongful acts, Defendants hold illegal profits as constructive trustees for the benefit of HEAD.

41.     HEAD is not presently aware of where the Defendants may have deposited all of their illegal profits from Defendants' wrongful acts against HEAD and the public.  HEAD believes that Defendants' illegal profits, whether in the form of bank accounts or in the form of real or personal property, will eventually be traced.  HEAD therefore believes that Defendants hold such illegal profits as constructive trustees for the benefit of HEAD.

### Sixth Claim

### [Accounting]

### Against All Defendants

42.     HEAD realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 41, inclusive.

43.     HEAD is entitled pursuant to 15 U.S.C. § 1117 to recover any profits of Defendants that are attributable to their acts of infringement.

44.     HEAD is entitled pursuant to 15 U.S.C. § 1117 to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

45.     The amount of money due from Defendants to HEAD is unknown to HEAD and cannot be ascertained without an accounting of the number of units of Counterfeit Products sold or offered for sale or distribution by Defendants.

CLE 662552.2

## PRAYER

WHEREFORE, HEAD respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendants that they have:

      (a)     willfully infringed HEAD's rights in the following federally registered trademarks under 15 U.S.C. § 1114:

            (1)     871,815 ("HEAD" + design);

            (2)     1,020,388 ("HEAD");

            (3)     1,682,112 ("Radical");

            (4)     2,203,869 ("Titanium Tennis");

            (5)     2,236,577 ("The Power of Light");

      (b)     committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against HEAD as defined in 15 U.S.C. § 1125(a);

      (c)     competed unfairly with HEAD under Louisiana general law and La. Rev. Stat. Chapter 51:1401 et seq.; and

      (d)     otherwise injured the business reputation and business of HEAD by Defendants' acts and conduct set forth in this Complaint.

(2)     That the Court issue injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

      (a)     imitating, copying, or making any other infringing use or infringing distribution of tennis racquets and/or accessories protected by HEAD's registered trademarks, including, but not limited to, the following Trademark Registration Nos.:

CLE 662552 2

      (1)     871,815 ("HEAD" + design);

      (2)     1,020,388 ("HEAD");

      (3)     1,682,112 ("Radical");

      (4)     2,203,869 ("Titanium Tennis");

      (5)     2,236,577 ("The Power of Light");

any other works now or hereafter protected by any HEAD trademark;

      (b)    manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any tennis racquet, accessory, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the HEAD Marks;

      (c)    using any simulation, reproduction, counterfeit, copy, or colorable imitation of HEAD's registered trademarks  including, but not limited to the HEAD Marks in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of tennis rackets, accessories, or any product not authorized or licensed by HEAD;

      (d)    engaging in any other activity constituting an infringement of HEAD's registered trademarks or of HEAD's rights in, or right to use or to exploit such trademarks ;

      (e)    using any false designation of origin or false description which can or is likely to lead the trade or public or individuals, erroneously to believe that any tennis racquet, accessory, or product has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for HEAD, when such is not true in fact;

CLE 662552 2

(f)     disposing of or destroying any documents or related materials that indicate, reference, or otherwise evidence that Defendants have marketed, manufactured, distributed, advertised, purchased or duplicated counterfeit or infringing tennis racquets and/or accessories which either bear any of the HEAD Marks or incorporate or include any of HEAD's trademarked components;

(g)     engaging in any other activity constituting an infringement of any of the HEAD Marks, or of HEAD's rights in, or right to use or to exploit its registered trademarks; and

(h)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

(3)     That the Court enter an order of impoundment pursuant to 15 U.S.C. § 1116(a)(d)(1)(A), 17 U.S.C. §§ 503 and 509(a), and 28 U.S.C. § 1651(a) impounding all counterfeit and infringing copies of HEAD Products and any related items, including business records, which are in Defendants' possession or under their control;

(4)     That the Court enter an order declaring that Defendants hold in trust illegal profits obtained from their distribution of counterfeit and infringing copies of HEAD Products;

(5)     That the Court order Defendants to pay HEAD's general, special, actual, and statutory damages as follows:

(a)     HEAD's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or, in the alternative, enhanced statutory damages pursuant to 15 U.S.C. §1117(c)(2), for Defendants' willful violation of HEAD's registered trademarks; and

      (c)     HEAD's damages and Defendants' profits pursuant to Louisiana Rev. Stat. Chapter 51:1401 et seq. and Louisiana general law.

(6)    That the Court enter an Order that Defendants hold their illegal profits as constructive trustees for the benefit of HEAD and requiring Defendants to provide HEAD with a full and complete accounting of all amounts due and owing to HEAD as a result of Defendants' illegal activities.

(7)    That the Court order Defendants to pay to HEAD both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(8)    That the Court grant to HEAD such other and additional relief as is just and proper.

Respectfully submitted,

Lawrence P. Simon, Jr.
Liskow & Lewis
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
(337) 232-7424

Attorney for Plaintiffs
HEAD SPORT AG
HEAD USA, INC.

OF COUNSEL:
Michael J. Garvin
Craig Owen White
Jennifer Kay Braman

HAHN LOESER & PARKS LLP
3300 BP TOWER
200 Public Square
Cleveland, Ohio 44114-2301
(216) 621-0150

CLE 662552.2

15

## **EXHIBIT A**

**HEAD Trademarks**

TESS - Document Display

http://tess.uspto.gov/bin/showfield?f=doc&state=fonf1.7.

 **U.S. Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue May 8 04:26:38 EDT 2001*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

Check Status *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | HEAD |
| **Goods and Services** | IC 009 025. US 039. G & S: SKI CLOTHING-NAMELY, [ SKI PANTS, ] SKI PARKAS [ , SKI SWEATERS, SKI GLOVES, AND HARD HELMETS ]. FIRST USE: 19670320. FIRST USE IN COMMERCE: 19670320 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 210305 |
| **Serial Number** | 72282900 |
| **Filing Date** | October 19, 1967 |
| **Registration Number** | 0871815 |
| **Registration Date** | June 24, 1969 |
| **Owner** | (REGISTRANT) HEAD SKI COMPANY, INC. CORPORATION DELAWARE 15 W. AYLESBURY ROAD TIMONIUM MARYLAND 21093 |
| | (LAST LISTED OWNER) HEAD SPORTS, INC. CORPORATION ASSIGNEE OF DELAWARE 4801 NORTH 63RD STREET BOULDER COLORADO 80301 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Prior Registrations** | 0675190;0822756 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. |
| **Renewal** | 1ST RENEWAL 19890624 |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP |



## U.S. Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 8 04:26:38 EDT 2001*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP | PREV LIST |
| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: [          ] OR **Jump** to record: [          ] **Record 95 out of 96**

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | HEAD |
| **Goods and Services** | (CANCELLED) IC 008. US 023 028 044. G & S: [ SKI TOUCH-UP FILES ]. FIRST USE: 19620830. FIRST USE IN COMMERCE: 19620830 |
| | (CANCELLED) IC 009. US 021 023 026 036 038. G & S: [ SKI GOGGLES AND SKI SUNGLASSES ]. FIRST USE: 19720930. FIRST USE IN COMMERCE: 19720930 |
| | IC 018. US 003. G & S: TEAM TOTE BAGS. FIRST USE: 19690331. FIRST USE IN COMMERCE: 19690331 |
| | IC 025. US 022 039. G & S: MEN'S AND WOMEN'S SKI WEAR INCLUDING PANTS, PARKAS, SHIRTS, SWEATERS, SUITS, HATS, AND WOMEN'S TENNIS WEAR INCLUDING SHORTS, PANTS, SHIRTS, SWEATERS, SUITS, JACKETS, BLAZERS, SKIRTS, DRESSES, SOCKS, SWEATBANDS, HEADBANDS, [ SUNVISORS, ] AND TENNIS SHOES; AND WOMEN'S GENERAL SPORTSWEAR - NAMELY, SHORTS, PANTS, JACKETS, BLAZERS, SUITS, SHIRTS, SWEATERS, SKIRTS, DRESSES AND SCARVES. FIRST USE: 19670320. FIRST USE IN COMMERCE: 19670320 |
| | IC 028. US 022 023 038 050. G & S: SLALOM SKIS, [ SKI BINDINGS AND SKI POLES, AND TOURING SKIS, SKI BINDINGS AND SKI POLES, ] AND TENNIS RACKETS, AND TENNIS RACKET COVERS, GUT AND NYLON STRING FOR TENNIS RACKETS, AND SKI BAGS, [ SKI BOOT BAGS ] AND TENNIS RACKET BAGS. FIRST USE: 19481231. FIRST USE IN COMMERCE: 19481231 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73027528 |

TESS - Document Display

| | |
|---|---|
| **Filing Date** | July 22, 1974 |
| **Registration Number** | 1020388 |
| **Registration Date** | September 16, 1975 |
| **Owner** | (REGISTRANT) AMF INCORPORATED CORPORATION NEW JERSEY 777 WESTCHESTER AVE. WHITE PLAINS NEW YORK 10604 |
| | (LAST LISTED OWNER) **HEAD SPORT AG** CORPORATION ASSIGNEE OF AUSTRIA A-6921 KENNELBACH AUSTRIA |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | DAVID M. KELLY |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Renewal** | 1ST RENEWAL 19960930 |
| **Live/Dead Indicator** | LIVE |
| **Cancellation Date** | March 23, 1982 |

PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | PREV LIST

CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC



## U.S. Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 8 04:26:38 EDT 2001*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP | PREV LIST |

| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: [_____] OR **Jump** to record: [_____] **Record 92 out of 96**

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | RADICAL |
| **Goods and Services** | IC 028. US 022. G & S: rackets and paddles for ball games. FIRST USE: 19900720. FIRST USE IN COMMERCE: 19900720 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74100848 |
| **Filing Date** | September 27, 1990 |
| **Published for Opposition** | January 14, 1992 |
| **Registration Number** | 1682112 |
| **Registration Date** | April 7, 1992 |
| **Owner** | (REGISTRANT) GENERAL SPORTCRAFT COMPANY, LTD. CORPORATION NEW JERSEY 140 Woodbine Street Bergenfield NEW JERSEY 07621 |
| | (LAST LISTED OWNER) **HEAD SPORT AG** CORPORATION ASSIGNEE OF AUSTRIA WUHKOPFWEG 1, A-6921 AUSTRIA |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | DAVID M KELLY |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | PREV LIST |

TESS - Document Display

Page 1 of 1



## U.S. Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 8 04:26:38 EDT 2001*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP | PREV LIST |
| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: [          ] OR **Jump** to record: [          ] **Record 61 out of 96**

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | TITANIUM TENNIS |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: tennis rackets. FIRST USE: 19980100. FIRST USE IN COMMERCE: 19980100 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75349809 |
| **Filing Date** | September 2, 1997 |
| **Filed ITU** | FILED AS ITU |
| **Published for Opposition** | August 25, 1998 |
| **Registration Number** | 2203869 |
| **Registration Date** | November 17, 1998 |
| **Owner** | (REGISTRANT) **Head Sport AG** CORPORATION AUSTRIA A-6921 Kennelbah AUSTRIA |
| **Attorney of Record** | DAVID M KELLY |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | PREV LIST |
| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

TESS - Document Display                                                      Page 1 of 1



## U.S. Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 8 04:26:38 EDT 2001*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP | PREV LIST |
| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: [_____] OR **Jump** to record: [_____] **Record 57 out of 96**

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | THE POWER OF LIGHT |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: tennis rackets, squash rackets, racquetball rackets, and their covers |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75373981 |
| **Filing Date** | October 16, 1997 |
| **Filed ITU** | FILED AS ITU |
| **Published for Opposition** | October 20, 1998 |
| **Registration Number** | 2236577 |
| **Registration Date** | April 6, 1999 |
| **Owner** | (REGISTRANT) **HEAD SPORT AG** CORPORATION AUSTRIA A-6921 Kennelbach Wuhrkopfweg 1 AUSTRIA |
| **Attorney of Record** | DAVID M KELLY |
| **Section 44 Indicator** | SECT44 |
| **Priority Date** | July 7, 1997 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | PREV LIST |
| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |